203 P.2d 627

Ex parte RICCARDI.

STATE v. RICCARDI.

No. 5023.

Supreme Court of Arizona.
March 7, 1949.

Evo DeConcini, Atty. Gen., Perry M. Ling, Chief Asst. Atty. Gen., and Chas. D. McCarty, Asst. Atty. Gen., for appellant.

Nasib Karam, of Nogales, and Whitney, Ironside & Whitney, of Phoenix, for appellee.

PATTERSON, Superior Judge.

This is an appeal by the state of Arizona from an order of the superior court of Cochise County discharging one Constantino Vincent Riccardi (appellee) after a hearing on habeas corpus. Appellee, prior to his discharge, was being held by Percy Bowden, chief of police of Douglas, Arizona, by authority of a governor's warrant on extradition, issued by the governor of Arizona at the request of the governor of New York.

The demanding state of New York had theretofore presented extradition papers for Riccardi, based upon indictment found by a New York grand jury of the county of New York, state of New York, which accused Riccardi, together with one Andrew Jackson Dougherty, on four counts of the crime of grand larceny, committed in the state of New York. A fifth count against Riccardi accused him of violating a judgment of injunction of the supreme court of the state of New York.

The extradition papers, presented to the governor of the state of Arizona, appear to be duly certified by the governor of New York as authentic. The authenticated papers contain, among other things, a copy of the indictment and an affidavit in support of the extradition proceedings, executed by one Albert F. Grilli, which was sworn to before a notary public of the state of New York. This affidavit stated that Riccardi was actually in the county and state of New York at the time stated in the indictment that the alleged offense occurred, and that Grilli had seen him in New York at the times mentioned.

After Riccardi had been arrested under the extradition warrant issued by the governor of Arizona, he filed a petition for a writ of habeas corpus, alleging among other things that he was unlawfully imprisoned, detained, and restrained of his liberty. Based upon said petition, a writ of habeas corpus was duly issued.

A return was filed setting forth that Riccardi was lawfully arrested and detained by virtue of the Arizona extradition warrant. Riccardi filed a reply to the return, setting forth among other things that he was not a fugitive from justice from the state of New York, and that the documents presented by the demanding state did not show each and every matter required to be shown as required by paragraphs 1 and 3, section 44-3608, Arizona Code Annotated, 1939. Petitioner contended also that the demanding state had not presented to the Arizona governor a warrant of arrest, or a copy thereof, issued by the New York court.

The state filed a motion to dismiss petitioner's reply, which was denied by the court.

A hearing was duly had before the superior court of Cochise County, and after considering the evidence presented, the court rendered its decision as follows:

"The Court: Gentlemen, I have come to the conclusion, very reluctantly, there is no

testimony in this case whatever that Mr. Riccardi was in New York at the time of the commission of the offense. There is a bare innuendo. Furthermore, I believe that the failure of the record before—by which I am bound—to have a copy of a warrant is a fatal defect; and for the reasons given, for the proof he wasn't in New York and the Governor not being authorized to issue the warrant, the writ will be granted."

Appellant bases its appeal upon ten assignments of error, and sets forth eighteen propositions of law based thereon. We will consider appellant's assignments of error Nos. 5, 7, and 10, which will dispose of this appeal.

5. "The court erred in discharging petitioner from custody, restraint, imprisonment and detention by virtue of the Governor's warrant on rendition in that:

"(1) There was conflict in the evidence as to the alleged fugitive's presence or absence from the demanding state.

"(2) The petitioner's own testimony is not sufficient to overcome the prima facie case made by the Governor's warrant on extradition.

"(3) Petitioner did not prove beyond a reasonable doubt he was not within the demanding state at the time of the alleged crime."

7. "The trial court erred in holding Section 44-3606, A.C.A.1939 (Uniform Criminal Extradiction Act) requires a warrant of arrest from the demanding state as a condition precedent to the Governor of the asylum state granting a warrant of rendition."

10. "The trial court erred in requiring respondent to bear the burden of proving the presence of accused in the demanding state at the time of the alleged crimes after a prima facie case was made out by the issuance of the Governor's rendition warrant."

In determining the issues presented by this appeal, we shall first consider the fundamental law that must govern in extradition proceedings.

■ Clause 2, section 2, article 4 of the Constitution of the United States provides in respect of fugitives from justice:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

U. S. Revised Statutes, section 5278, 18 U.S.C.A. § 662 [now § 3182], provides as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or

Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. * * *"

An applicable text statement reads:

"* * * the right of interstate extradition or rendition is founded on and controlled by the constitution of the United States and effectuating federal statutes, which have been declared constitutional. Extradition being a federal and not a state matter, the federal law, and not the state law, is supreme, and any state legislation which conflicts with the federal law on the subject, as embodied in the constitution and effectuating statutes, is unconstitutional and void. However, to the extent that it aids and facilitates the operation of federal constitutional and statutory provisions, and is not inconsistent therewith, state legislation is proper, and must be followed. * * *" 35 C.J.S., Extradition, § 3.

The legislature of the state of Arizona enacted the Uniform Criminal Extradition Act, chapter 10, Session Laws 1937, which now appears as article 36, A.C.A.1939.

Section 44-3605 in substance expressly recognizes that the provisions of the United States Constitution on extradition and acts of congress in pursuance thereof are controlling, and makes it the duty of the governor to comply therewith.

Section 44-3606 provides in substance what documents must be presented to the governor in writing and what papers must be presented to him before he can issue his extradition warrant. This provision is in harmony with the federal provisions except that it requires a copy of any warrant issued upon the affidavit made before a magistrate in the proceedings in the demanding state; also express recognition is provided for an "Information," which is one form of criminal charge used in Arizona and in a few other states, but which is not mentioned in the federal statutes.

Section 44-3607 provides that the governor of Arizona may call upon the attorney general or any prosecuting officer in the state to investigate or assist in investigating the demand, and report to him whether the fugitive ought to be surrendered.

Section 44-3608 designates what the documents presented by the demanding state must show, and requires the following:

1. The accused was present in the demanding state at the time of the commission of the alleged crime and thereafter fled from the state.

2. The accused is now in this state.

3. Is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement, or broken parole.

The other provisions of article 36 (supra) are not involved in this appeal.

It is apparent that the trial court based its decision upon two grounds: (1) That there was not sufficient showing that Riccardi was in New York at the time of the alleged commission of the offense, (2) that no warrant from the New York court was with the extradition documents when presented to the governor of Arizona, nor in the extradition record presented to the trial court.

Appellant's assignments of error Nos. 5 and 10 pertain to whether or not Riccardi was a fugitive from New York state, and the burden of proof required in connection therewith.

"Within the meaning of constitutional and statutory provisions governing interstate extradition, a 'fugitive from justice' may be defined as a person who, having committed or been charged with a crime in one state, has left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state. * * *" 35 C.J.S., Extradition, § 10(b).

See also Hogan v. O'Neill, 255 U.S. 52, 41 S.Ct. 222, 65 L.Ed. 497; United States ex rel. Jackson v. Meyering, 7 Cir., 54 F. 2d 621. The warrant on extradition, issued by the governor of Arizona, recites ample jurisdictional facts to establish that Riccardi was a fugitive from justice and is prima facie evidence thereof. 35 C.J.S., Extradition § 16d.

The governor's warrant was also supported by the affidavit of one Albert F. Grilli, which was attached to the extradition papers from the demanding state, reading in part as follows:

"Albert F. Grilli, being duly sworn, deposes and says: I am the principal complaining witness against the above-named fugitive, who is charged with the crime of grand larceny in the first degree committed commencing with on or about the beginning of October, 1946 and to and including January 31, 1947, at the Borough of Manhattan, City of New York, in the County and State of New York and in divers other places.

"The said fugitive was actually in said Borough, County and State during the times and on the days hereinafter mentioned of the commission of said crime and was seen there on said times by me."

It is evident from the warrant that the governor of Arizona directed the attorney general to make an investigation as

to Riccardi's fugitive status, and report to him. These facts constituted ample evidence before the Arizona governor to justify him in determining that Riccardi was a fugitive from justice.

■ Riccardi's testimony was the only evidence presented to the trial court that he was not a fugitive from justice, which, standing alone, is insufficient to overcome the prima facie case evidenced by the governor's warrant.

■ Appellee could only overcome the warrant issued by the governor of Arizona by clear and convincing evidence, or, as the Supreme Court of the United States has held, by evidence to convince beyond a reasonable doubt. People v. Enright, 115 Misc. 206, 189 N.Y.S. 167; Brewer v. Goff, 10 Cir., 138 F.2d 710, 711; Williams v. Robertson, 339 Mo. 34, 95 S.W.2d 79; State of South Carolina v. Bailey, 289 U. S. 412, 53 S.Ct. 667, 77 L.Ed. 1292.

■ The evidence submitted to the trial court by Riccardi was at best only contradictory of the substantial evidence presented by appellant. This was not sufficient for the court to accept as proof that he was not a fugitive. Ex parte Reggel, 114 U.S. 642, 5 S.Ct. 1148, 29 L.Ed. 250; Ex parte Gibson, 149 Tex.Cr.App. 543, 197 S.W.2d 109; People v. O'Brien, 371 Ill. 351, 20 N.E.2d 782.

■ As to the propriety of the consideration of the affidavit by the governor, the rule is succinctly stated in Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 284, 49 L.Ed. 515, regarded as one of the leading cases of the United States Supreme Court on extradition.

"The questions before the governor, under the section of the Revised Statutes, above cited, are whether the person demanded has been substantially charged with a crime, and whether he is a fugitive from justice. The first is a question of law and the latter is a question of fact, which the governor, upon whom the demand is made, must decide upon such evidence as is satisfactory to him. Strict common-law evidence is not necessary. The statute does not provide for the particular kind of evidence to be produced before him, nor how it shall be authenticated, but it must at least be evidence which is satisfactory to the mind of the governor. Roberts v. Reilly, 116 U.S. 80, 95, 6 S.Ct. 291, 29 L.Ed. 544, 549. * * *"

See also Marbles v. Creecy, 215 U.S. 63, 30 S.Ct. 32, 54 L.Ed. 92; People v. O'Brien, supra; State ex rel. Liimatainen v. Boekenoogen, Sheriff, 140 Minn. 120, 167 N.W. 301.

We conclude that it was error for the lower court to find that Riccardi was not a fugitive from justice from the state of New York.

Appellant's assignment of error No. 7 pertains to the New York warrant of arrest, which appellee contends was not presented to the Arizona governor, and which presentation was necessary under section 44-3606, A.C.A.1939.

188

■ The federal law does not require the issuance nor the presentation of a warrant, in the event that one has been issued. U. S. Revised Statutes, section 5278, 18 U. S.C.A. § 662; United States ex rel. McCline v. Meyering, Sheriff, 7 Cir., 75 F.2d 716; State v. Parrish, 242 Ala. 7, 5 So.2d 828; People ex rel. Carr v. Murray, 357 Ill. 326, 192 N.E. 198, 94 A.L.R. 1487; State ex rel. Covington v. Hughes, 157 La. 652, 102 So. 824.

That portion of section 44-3606, A.C.A. 1939, mentioning a warrant reads as follows: "or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon." Note that the warrant mentioned in the statute refers only to "any warrant which was issued thereon", i.e., the affidavit.

■ It is apparent that a failure to present a warrant to the Arizona governor, if true, cannot in any way be considered a fatal defect. This case is based upon the presentation of a copy of indictment from New York, and therefore a warrant is not required by the federal statute or by section 44-3606, which refers to any warrant issued on the affidavit. Therefore the trial court erred in deciding that it was necessary to present a warrant either by virtue of the federal law or the Arizona law.

In order to clarify the necessity for presentation of a warrant as mentioned in the Arizona code, we will treat of this matter further in order that interested officials and trial courts may have an interpretation for guidance. It is evident that the warrant feature of section 44-3606 is only intended to apply to a warrant issued on affidavit made before a magistrate.

■ Under the provisions of the federal law, i.e., section 5278, supra, and the decisions of the United States Supreme Court, a warrant on the indictment or on any other form of criminal charge is not necessary in an extradition proceeding. It is our opinion that the part of section 44-3606 requiring a warrant on the affidavit requires something not contemplated by the federal law, and is in conflict with section 5278, supra. Therefore that portion of section 44-3606 insofar as it provides "together with a copy of any warrant which was issued thereon" is in violation of U. S. Revised Statutes, section 5278, 18 U.S.C.A. § 662, and is therefore void.

■ Appellee complains of the method of certification by the New York court officials and of errors contained in their certificates. We have carefully reviewed the extradition papers presented by the demanding state, and have given due consideration to their contents and certification. It is apparent that several errors were made by the officials of the New York court from which the indictment emanated as to the name used in the certification by the clerk of the court. The carelessness of such officials is certainly not commendable. However, we do not detect anything that would indicate that any document in

the extradition papers is spurious, or that in any way affects the rights of appellee.

The extradition papers from New York contain a copy of the indictment (and no question has ever been raised that it is not a true copy) and the governor of the state of New York has complied with the federal law by certifying:

"Whereas it appears by the annexed papers, which I certify to be authentic and duly authenticated in accordance with the Laws of this State, that the accused Constantino Vincent Riccardi stands charged in this State with the crimes of Grand Larceny * * * and that the accused was present in this State at the time of the commission of the crime and thereafter fled from the justice of this State and may now be found in the State of Arizona * * *."

Therefore it appears that the demanding state complied with the federal provisions herein mentioned, and also the documents show everything required by section 44-3608, A.C.A.1939.

"* * * The question of authenticity is one for the determination of the governor of the demanding state and his certificate to the fact is alone required, and is conclusive. * * *" (Emphasis supplied.) 35 C.J.S., Extradition, § 14a.

The authentication of the extradition papers presented to the governor of Arizona was valid. Any error made by the clerk of the court or official thereof in certifying the indictment to be a true and correct copy is not fatal. The governor of New York satisfied himself that the indictment in the extradition papers was a true copy and his authentication thereof is sufficient. People v. Jeremiah, 364 Ill. 274, 4 N.E.2d 373.

The certificate of the governor of New York, and the extradition papers attached thereto, show clearly that appellee was substantially charged with a crime against the laws of New York. The governor of Arizona determined from ample evidence that Riccardi was a fugitive from the demanding state. Riccardi should not have been discharged under the writ, and the order of the trial court is reversed.

LA PRADE, C. J., and UDALL, STANFORD, and PHELPS, JJ., concur.

DE CONCINI, J., being disqualified, the Honorable W. E. PATTERSON, Judge of the Superior Court of Yavapai County, was called to sit in his stead.