431 P.2d 678

**Application of Jewett KIRK, Jr.,
For a Writ of Habeas Corpus.
No. 1 CA–CIV 419.**

Court of Appeals of Arizona.
Sept. 20, 1967.
Rehearing Denied Oct. 19, 1967.
Review Denied Nov. 28, 1967.

Minne & Sorenson, by Harold E. Whitney, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by Frank A. Parks, Asst. Atty. Gen., for appellee.

STEVENS, Judge.

This habeas corpus matter relates to the validity of the extradition request initiated by the Governor of Indiana and honored by the Governor of Arizona.

Jewett Kirk, Jr., appellant, was convicted of the crime of forgery in the State of Indiana and on 28 June 1956, he was sentenced to be imprisoned in the Indiana Reformatory for a period of not less than two nor more than fourteen years. On 30 November 1962, he was paroled.

On 12 March 1964, a "Warrant for Retaking Paroled Prisoner" was issued over the signature of a member of the Indiana Parole Board directing any parole officer or any officer authorized to serve criminal process in Indiana to retake appellant and return him to the Indiana Reformatory. However, no finding by the Parole Board that appellant had violated his parole was made until 18 March 1964. Thereafter, on 14 February 1966, an application for requisition was submitted in writing to the Governor of Indiana by the Superintendent of the Indiana Reformato-

ry. This application stated that appellant had violated his parole on 18 March 1964 and the application requested the Governor of Indiana to issue a requisition to the Governor of Arizona for the apprehension and the rendition of appellant to the State of Indiana. The application further stated that appellant had fled from the justice of the State of Indiana and was presently in the State of Arizona.

The application for requisition and attached papers, which included an affidavit for forgery and the record of conviction of appellant plus a document to the effect that appellant had violated his parole, were certified by the Governor of Indiana and forwarded to Arizona. After receipt of these papers, the Governor of Arizona issued a Governor's Warrant on Extradition dated 30 March 1966.

Appellant, being held pursuant to the Governor's Warrant, filed a Petition for Writ of Habeas Corpus. A Writ of Habeas Corpus was granted, however, this writ was subsequently quashed by the Superior Court upon a finding that appellant was being legally detained. Appellant then appealed to this Court from the order quashing the writ.

 It is well settled that a convict released on parole is subject to extradition as a fugitive from justice for violating a condition of his parole. A.R.S. § 13–1305; 31 Am.Jur.2d, Extradition § 20, page 937. The certificate of the Governor of Indiana plus the application for requisition and the papers attached thereto clearly show that the alleged fugitive from justice was charged with a crime against the laws of the demanding state and was further charged with a violation of parole. These documents were sufficient to satisfy the requirements of A.R.S. § 13–1303 and § 13–1305, Uniform Criminal Extradition Act. Whether a person has in fact violated his parole is of no concern in the courts of the asylum state. Tinsley v. Woods, 135 Colo. 590, 313 P.2d 1006 (1957).

Appellant contends that he was denied due process of law. He bases this conten-

tion on the grounds that the warrant for retaking paroled prisoner issued in this case is invalid because the warrant was signed by a member of the Parole Board and issued prior to the time of formal hearing on the alleged parole violation. With this contention we do not agree. Burns' Indiana Statutes, Sec. 13–249 provides:

"Parole—Violation of parole—Retaking prisoner.—If the agent and warden of the prison from which such prisoner was paroled, *or said board or any member thereof*, shall have reasonable cause to believe that the prisoner so on parole has violated his parole and has lapsed or is probably about to lapse into criminal ways or company, then such agent and warden or said board, or any member thereof, may issue his warrant for the retaking of such prisoner, at any time prior to the maximum period for which such prisoner might have been confined within the prison walls upon his sentence, which time shall be specified in such warrant. (Acts 1897 Chapter 143, Sec. 6, page 219)." (Emphasis supplied)

"[S]aid board or any member thereof" as used in this section referred to the Board of Commissioners of the paroled prisoners of the Indiana State Prison, Indiana Reformatory and Indiana Women's Prison. The powers and duties of this board were continued in full force and effect and were transferred to a Board of Parole for each institution by Chapter 266, Sec. 28 Acts 1953. (See Compiler's Note to Sec. 13–248 Burns' Indiana Statutes.) In 1961, under the provisions of Chapter 343, the Indiana Legislature repealed Chapter 266, Acts 1953, and transferred all powers and duties to the Department of Corrections. Nowhere does it appear that Sec. 13–249 has ever been repealed. (See 1967 Cumulative Pocket Supplement to Burns' Indiana Statutes.) Therefore, it appears to us that the power to issue a warrant for arrest, on reasonable cause to believe that there has been a parole viola-

tion, was transferred to the Department of Corrections by the 1961 Act. This act also created the Indiana Parole Board as a Division of the Department of Corrections. Thus it appears that the power to issue a warrant for arrest as provided in Sec. 13–249 may be vested in the Indiana Parole Board or any member thereof and this power could be exercised before a formal hearing was held to determine if there had actually been a parole violation. However, we need not decide this issue.

■ The Arizona Supreme Court said, In Application of Oppenheimer, 95 Ariz. 292, 389 P.2d 696 (1964), cert. den., 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311,

"In Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction. State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691. Even where there has been a denial of due process of law, it must be such as to deprive a court of jurisdiction in order to permit of the issuance of the writ. * * *"

■ Furthermore, in Jeffers v. State, 217 Ga. 740, 124 S.E.2d 753 (1962), it was held that whether or not the revocation of a probationary sentence by the demanding state is illegal under the laws of that state is a question for the demanding state to decide; a probationer is subject to extradition to the demanding state notwithstanding the contention that revocation was not in accordance with the law of the demanding state. Although the Jeffers case involved violation of probation and the present case involves violation of parole, in our opinion the rule set forth in that case applies equally as well where parole violation rather than probation violation is at issue.

■ In the present case we have a certification by the Governor of Indiana certifying that the party whose signature appears on the requisition papers is the acting chairman of the Indiana Parole Board. The certification further asks that full faith and credit be given to the official acts of the chairman. The papers attached to the certificate show that appellant has been convicted of a crime and has been determined to be a parole violator. These papers form a sufficient basis to support extradition proceedings even without a warrant from the demanding state. See A.R.S. § 13–1303 and Ex parte Riccardi, 68 Ariz. 180, 203 P.2d 627 (1949). Whether the revocation of parole was proper under Indiana law must be determined by the Indiana Courts. We hold that the Superior Court was correct in determining that appellant was being legally detained and that the Writ of Habeas Corpus was properly quashed.

Order Quashing Writ of Habeas Corpus Affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.