# WOODARD,
*Appellant,*

*v.*

# RASMUSSEN,
*Respondent.*

## (84-9-143; CA A33514)

700 P2d 675

Phillip M. Margolin, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this habeas corpus proceeding, plaintiff is a prisoner held in the Clackamas County Jail under a Governor's extradition warrant. Defendant is the sheriff's officer in charge of the jail. Plaintiff asserts that the warrant under which he is held is invalid, because it was signed by a Robert Oliver, a member of the Governor's legal staff, rather than by the Governor. After a hearing, the circuit court dismissed the writ of habeas corpus. Plaintiff appeals.[1] We affirm.

The Governor has delegated authority to sign extradition warrants to Oliver pursuant to ORS 133.743, which provides:

"(1)   Where appearing in ORS 133.743 to 133.857 [the Uniform Criminal Extradition Act], the term 'Governor' includes any person performing the extradition functions of Governor by authority of an appointment under subsection (2) of this section. The term 'executive authority' includes the Governor and any person performing the functions of Governor in a state other than this state, and the term 'state,' referring to a state other than this state, includes any other state or territory, organized or unorganized, of the United States of America.

"(2)   The Governor may appoint a member of the legal staff of the Governor to act in behalf of the Governor under ORS 133.743 to 133.857 in performing the extradition functions of the Governor. The appointment shall be in writing and be filed with the Secretary of State."

There is no suggestion in this case that the Governor failed to follow the statute in delegating certain of his extradition responsibilities to Oliver. Instead, plaintiff asserts the broader proposition that the statute violates the federal constitution, a federal statute and the Oregon Constitution.

■       The federal constitutional basis for interstate extradition of fugitives is found in Article IV, section 2, of the United States Constitution.[2] Congress has expanded slightly

---

[1] Extradition has been stayed pending this appeal.

[2] Art IV, § 2, of the United States Constitution provides in part:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

on the constitutional provision in 18 USC § 3182.[3] Both the constitution and the statute refer to the "executive authority" of the sending state—in this case, Oregon. Neither identifies any particular official as the executive authority.[4] There is no federal requirement that the highest state official personally make the decision. In fact, nothing in the federal provisions purports to determine what individual must act for the sending state in returning a fugitive to a requesting state. The question of who may exercise the state's executive authority in this respect is thus left to state law. We now examine plaintiff's state arguments.

■       Plaintiff points out that Article V, section 1, of the Oregon Constitution provides that "[t]he cheif [sic] executive power of the State, shall be vested in a Governor * * *." He points out further that Victor Atiyeh, not Robert Oliver, is the present Governor of Oregon. These facts prove nothing for this case. That Governor Atiyeh is the present chief executive of the state does not mean that he is the only person who can exercise the state's executive authority. If that were the case, the Governor's job would be impossible, thousands of state employes would be acting illegally and, as a practical matter, the state could not function.

■       We presume that plaintiff recognizes that the Governor and legislature can constitutionally delegate executive authority to various agencies for the efficient conduct of the state's business. Although the Governor is the chief "executive authority" of the state, those to whom authority is

---

[3] 18 USC § 3182 provides:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the Governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agency of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

[4] At the time of the adoption of the Constitution, Pennsylvania's "executive authority" was a council of 12 whose president was chosen by the legislature.

delegated are also the "executive authority" within the areas of their respective delegations. Plaintiff points to nothing in the state constitution which limits legislative or gubernatorial authority to delegate the Governor's extradition powers.[5] He appears to rely on federal law as providing that limitation. Yet, as we have said, the federal provisions refer to the "executive authority" and leave the question of who may exercise that authority to the sending state.[6] Plaintiff is attempting to use the state and federal requirements together to impose a restriction which neither would require or even imply separately. That attempt must fail. The Governor's delegation to Oliver, pursuant to legislative authorization, of the authority to sign the warrant is constitutional.[7]

Affirmed.

---

[5] *Compare* Art V, § 15b of the Oregon Constitution, which requires that the Governor personally sign or veto all bills.

[6] When Congress wanted to require the "Governor or chief magistrate" personally to certify a document related to the extradition request, it did so. *See* 18 USC § 3182. Its use of the broader term "executive authority" to describe who in the sending state should respond to the request indicates its decision to leave those details to the states.

[7] The cases from other jurisdictions upon which plaintiff relies for the proposition that the Governor's duties in extradition matters are non-delegable all involved situations where there was no statutory authority for the delegation. In at least some of them, it is not even clear that the Governor had made a formal delegation.