## In re James H. Hval

[539 A.2d 537]

No. 87-539

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed December 11, 1987

*Steve Dunham, Public Defender,* St Albans, for Petitioner-Appellant.

*Howard E. VanBenthuysen,* Franklin County State's Attorney, St. Albans, for Respondent-Appellee.

**Dooley, J.** Petitioner appeals a superior court denial of his petition for a writ of habeas corpus, following his continued detention after this Court's grant of his earlier habeas corpus petition on November 5, 1987. We hold that retention of petitioner by the Commissioner of Corrections, based on receipt of a valid Governor's extradition warrant prior to receipt of the mandate in our earlier grant of a habeas corpus writ, was proper, and we affirm the judgment of the superior court.

The pertinent facts are set forth in our November 5, 1987, decision on the previous petition, which had reversed the superior court's denial of that petition because his 90-day detention in Maine precluded additional prerequisition detention in Vermont. See *In re Hval,* 148 Vt. 544, 544-45, 537 A.2d 135, 136 (1987). But, before the mandate in that earlier matter was effective, on November 4, 1987, a Vermont Governor's warrant was issued in response to a requisition request from the Governor of Rhode Island dated October 30, 1987. As a result of the receipt of the Vermont Governor's warrant, the Commissioner of Corrections declined to release petitioner, and a second petition for habeas corpus was filed in the superior court, together with a motion for a stay of delivery of petitioner to Rhode Island. The superior court again denied the petition, and the present appeal followed.

Petitioner argues first that the Vermont Governor's warrant is not supported by proper documentation, clarifying at oral argument that since he departed from Rhode Island on a date before his violation of probation was established, he did not commit his probation violation while in Rhode Island and therefore was not "present in the demanding state at the time of the commission of the alleged crime," as required by 13 V.S.A. § 4943(a), and did not thereafter "[flee] from that state," as required by 13 V.S.A. § 4943(b)(1). Since, under this theory, petitioner was not a fugitive from justice and the violation of probation occurred, if at all, at a

time when he was outside of Rhode Island, he contends that he cannot be extradited as a matter of constitutional right under § 4943.[1] However, in arguing that the focus of the inquiry in an extradition for violation of probation is the time and place of the *probation* violation, rather than the time and place of the crime for which he was convicted, petitioner repeats the error inherent in his prior petition. As we stated in *Hval I* in interpreting 13 V.S.A. §§ 4953 and 4954, in language that applies in like manner to § 4943:

> Section 4953 does not present the commission of a crime or the violation of probation as alternative grounds for issuance of a warrant. A warrant will only issue under § 4953 where the person to be detained stands charged with a crime and, in addition, *either* has fled from justice before trial *or*, after trial and conviction, has escaped or violated bail, parole, or probation. . . .
>
> Cases in other jurisdictions make clear that the crime referenced under § 4954 is not the "crime" of probation violation, but is rather the original crime on conviction of which the probation was based in the requisitioning state. Once probation is violated, the accused stands charged with that original crime . . . .

148 Vt. at 545-46, 537 A.2d at 137 (emphasis in original). Attached to the Rhode Island requisition warrant was a copy of a Rhode Island Judgment and Disposition dated November 14, 1986, which was complete on its face and constituted adequate proof that petitioner was in Rhode Island at the time of the commission of the alleged crime.[2] The same document, read together

---

[1] U.S. Const. Art. IV, § 2, cl. 2, requires that an asylum state extradite only persons "who shall flee from Justice." Even if petitioner were to succeed on this claim, extradition might still be possible under 13 V.S.A. § 4946 at the discretion of the Vermont Governor, a point petitioner appears to concede in arguing that he could *only* be extradited under § 4946. Since we conclude that petitioner was properly sought for extradition under § 4943, we do not reach the question of whether § 4946 might also have been applied to this proceeding.

[2] At oral argument and in his petition in the superior court and request for a stay in this Court, petitioner made a group of related arguments to the effect that the Rhode Island paperwork was invalid because the Rhode Island Governor's demand was based on the crime of breaking and entering while the supporting documentation described a violation of probation. This argument is without merit, as these documents fully comply with the requirements of § 4943. The

with the requisition warrant itself and the affidavit of James Dingwall, petitioner's Rhode Island probation officer, also answered any claim that petitioner was not a fugitive from Rhode Island. Consequently, petitioner was properly sought for extradition under § 4943 and U.S. Const. Art. IV, § 2, cl. 2.

Petitioner next argues that the Governor's warrant does not establish probable cause to believe petitioner violated probation because he departed from Rhode Island at a time when the state probation office was closed and in any event prior to any notation or declaration by Rhode Island officials that he had in fact violated probation. Yet again petitioner errs in focusing on the date when probation was violated, rather than the date of the original conviction for breaking and entering. It is clear under § 4943 that so long as petitioner "was present in the demanding state at the time of the commission of the alleged crime" the date of his subsequent flight from the state is immaterial.

Petitioner next contends that his due process rights were violated when his successful challenge to prerequisition detention, represented by this Court's decision in *Hval I*, was effectively vitiated by the arrival of the Vermont Governor's warrant prior to the effectuation of the first writ. He argues that our determination in *Hval I* established the illegality of his detention in Vermont and that but for such illegal detention he would not have been in custody upon the arrival of the Governor's warrant.

First it should be pointed out that the decision in *Hval I* by this Court did not determine that arrest of petitioner in Vermont had been illegal. This Court specifically held that "the initial arrest of petitioner in Vermont under § 4954 was perfectly regular and proper." 148 Vt. at 547, 537 A.2d at 138. Even if there had been irregularities in petitioner's prerequisition detention, these irregularities are no bar to extradition once a rendition warrant is issued and received. *In re Saunders*, 138 Vt. 259, 263, 415 A.2d 199, 202 (1980); *In re Bryant*, 129 Vt. 302, 306, 276 A.2d 628, 631

Rhode Island Governor's demand and supporting documentation adequately describe the crime of breaking and entering, for which the petitioner was convicted and for which extradition was sought. The additional material concerning petitioner's probation and its violation satisfy the requirement of § 4943 for a statement "by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole."

(1971); *Whittington* v. *Bray*, 200 Colo. 17, 20, 612 P.2d 72, 75 (1980). As this Court said in *In re Bryant*:

> The issuance of the Governor's warrant, and the detention of the plaintiff by virtue of his arrest under such warrant, was not made defective by a possible illegality in his previous detention beyond the statutory time under his arrest on the fugitive from justice warrant.

129 Vt. at 306, 276 A.2d at 631. The power of the demanding state to require extradition, once the prerequisites of U.S. Const. Art. IV, § 2, cl. 2, have been met, is clear. *Puerto Rico* v. *Branstad*, ___ U.S. ___, ___, 107 S. Ct. 2802, 2807 (1987); *Michigan* v. *Doran*, 439 U.S. 282, 289 (1978). And see *United States ex rel. McInery* v. *Shelley*, 524 F. Supp. 499, 502 (N.D. Ill. 1981); *Parks* v. *Bourbeau*, 193 Conn. 270, 280, 477 A.2d 636, 643 (1984).

Petitioner's argument fares no better under Article 10 of Chapter I of the Vermont Constitution than under the Fourteenth Amendment to the United States Constitution. As set out above, this is an extradition under U.S. Const. Art. IV, § 2, cl. 2, and the duty it imposes on this state would, in any event, govern even if we had a specific Vermont constitutional provision on which petitioner could rely.

Finally, petitioner cites *Commonwealth ex rel. Coffman* v. *Aytch*, 238 Pa. Super. 584, 361 A.2d 652 (1976), in which an illegal detention lasting some ten months was held to bar extradition, where there had been no interim release of the habeas corpus petitioner. *Coffman* is distinguishable because of the long duration and clear illegality of the detention in that case. If it were not distinguishable, we would still decline to follow it as inconsistent with our own precedents and the clear nature of the obligation imposed upon us by the Extradition Clause of the United States Constitution.

*Affirmed.*