# In re Michael Moskaluk

[591 A.2d 95]

Nos. 91-070 & 91-071

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 5, 1991

*E.M. Allen,* Defender General, and *Henry Hinton,* Appellate Attorney, Montpelier, and *Michael Moskaluk,* pro se, Burlington, for Petitioner-Appellant.

*Jeffrey L. Amestoy,* Attorney General, and *David E. Tartter,* Assistant Attorney General, Montpelier, for Respondent-Appellee.

**Dooley, J.** Petitioner, Michael Moskaluk, who is held under two extradition warrants, brought a habeas corpus action in Chittenden Superior Court and was denied relief. We affirm that denial.

On August 2, 1990, petitioner was arrested in Vermont and held as a fugitive from justice from the state of Louisiana. On September 6, 1990, he was served with a governor's extradition warrant. He challenged that by petition for habeas corpus on October 2, 1990 and prevailed when the superior court found that the documents failed to show that he was present in Louisiana when the offense was committed. The Governor of Louisiana supplied additional documents and again requested extradition. Petitioner was again arrested on a governor's warrant, and this time was unsuccessful in obtaining release below.

On November 2, 1990, before the court acted on the Louisiana request, a detainer arrived from the state of Texas. That was followed by a request for extradition from the Governor of Texas, and on November 16, 1990, the Governor of Vermont issued a warrant on this request. Petitioner attacked this warrant in the Chittenden Superior Court. The action was joined with the attack on the second Louisiana warrant and was similarly unsuccessful.

Petitioner, appearing through counsel and pro se, raises a number of challenges to the superior court's denial of relief. We

first consider those claims that are raised with respect to the Louisiana warrant or with respect to both warrants, followed by consideration of claims applicable only to the Texas warrant.

## I.

The Louisiana documents contain a demand for extradition bearing a machine-stamped signature of the Governor and Secretary of State. The demand was based on a request made by the First Assistant District Attorney of Orleans Parish, showing petitioner is charged with illegal possession of stolen property worth over $500. The request is supported by an affidavit of a police officer, made before a judge, detailing the facts supporting the charge. The affidavit alleges that petitioner, while in Louisiana, sold about $500,000 worth of Audubon prints knowing that they had been stolen from the Louisiana State Museum. The request is also supported by an information and an arrest warrant.

Petitioner challenged the Louisiana extradition on four grounds in the trial court: (1) because the court had granted habeas corpus based on the papers submitted with the original demand, the second demand was barred by res judicata; (2) the signatures of the Governor and Secretary of State of Louisiana are deficient because they were made by machine; (3) if petitioner's confession is excluded, there is insufficient showing that petitioner committed the offense; and (4) there is no showing of identification. On appeal, he reasserts these grounds and adds that his defeat below was caused by ineffective assistance of counsel and the interference of Vermont prison officials.

The first Louisiana demand was found defective because it did not show that petitioner committed the alleged offense in Louisiana and left that state. See *In re Ropp*, 149 Vt. 269, 271, 541 A.2d 86, 88 (1988). The affidavit supporting the second demand clearly corrects that deficiency. Petitioner argues that it does so based on facts well-known when the first demand was made and, therefore, the second demand is barred by res judicata. Whatever the facts surrounding the resubmission of the Louisiana demand, res judicata does not apply in extradition proceedings. See *Collins v. Loisel*, 262 U.S. 426, 430 (1923); *People v. Coyle*, 654 P.2d 815, 818 (Colo. 1982); cf. 13 V.S.A.

§ 4968 ("proceedings . . . which . . . fail to result in . . . extradition [shall not] be deemed a waiver by this state of any of its rights"); *In re Roessel*, 136 Vt. 324, 329, 388 A.2d 835, 838–39 (1978) (under § 4968 and the identical statute in demanding state, act of demanding state in sending defendant to Vermont could not be construed as waiver of right to extradition).

The second argument focuses on the statute, which requires a demand for extradition, and the presentment of certain supporting documents, by the "executive authority" of the state seeking the person in question. 13 V.S.A. §§ 4943–4946. The executive authority is defined to include the governor and any person performing the function of governor. 13 V.S.A. § 4941. Nowhere does the statute require the signature of the governor.

The warrant of the Governor of Vermont establishes a prima facie case "that the rendition papers were issued on proper authority." *Russell v. Smith*, 127 Vt. 225, 228, 245 A.2d 563, 565 (1968). Petitioner cannot defeat this case by showing merely that a signature machine was used in Louisiana. See *Ex parte Britton*, 382 S.W.2d 264, 266 (Tex. Crim. App. 1964) (method to affix signature of governor does not affect validity of demand). Rather, he must prove that the demand was not made at the direction of the Governor of Louisiana. See *Hudson v. State*, 388 So. 2d 577, 579 (Fla. Dist. Ct. App. 1980) (signature of agent of governor sufficient); *Woodard v. Rasmussen*, 73 Or. App. 689, 692–93, 700 P.2d 675, 677 (1985) (signature of member of governor's legal staff sufficient). He has not done so.

In his third argument, petitioner requests that we consider the sufficiency of the Louisiana affidavit after omitting information obtained as a result of an illegal confession. We have held that our function in reviewing the legality of extradition pursuant to a governor's warrant is essentially to determine the correctness of the requisition papers and the identity of the person arrested. *In re Everett*, 139 Vt. 317, 319, 427 A.2d 349, 350 (1981). We cannot go behind the Louisiana affidavit to determine whether the information contained therein was lawfully obtained. This issue can and must be litigated in Louisiana. When we consider all of the information in the Louisiana affidavit, it is clearly sufficient to meet the statutory requirements.

■ Petitioner's final claim in the trial court attacks the sufficiency of the Louisiana identification. There is no question that the information provided was sufficient for a prima facie showing of identity. See *In re Haynes*, 155 Vt. 256, 258–59, 583 A.2d 88, 90 (1990). Petitioner failed to overcome this prima facie case. There is no error in the finding that petitioner is the person sought in Louisiana.

Petitioner raises two additional arguments pro se in this Court. First, he attacks his representation below as constitutionally ineffective. In support of this argument, he attaches numerous documents to his pro se brief to show that through discovery and investigation he could have undermined the Louisiana affidavit. The State counters that because of the summary nature of extradition, none of the alleged omissions would have mattered.

■ We have no record from which to judge petitioner's claims. For this reason, we cannot consider an ineffective assistance of counsel claim on direct appeal from the proceeding where the assistance was allegedly ineffective. *State v. Davignon*, 152 Vt. 209, 222, 565 A.2d 1301, 1308 (1989); *State v. Gabaree*, 149 Vt. 229, 232–33, 542 A.2d 272, 274 (1988).

There are similar difficulties with petitioner's second pro se argument. Here, petitioner complains that prison officials denied him access to counsel and denied him the opportunity to obtain Louisiana counsel to challenge the Louisiana proceedings from Vermont. Again, we lack a record for review and cannot resolve this claim on direct appeal.

II.

The Texas papers, signed by the Governor and Secretary of State, demand extradition because petitioner was convicted of theft and thereafter violated the terms of probation. They are based on a request by the District Attorney of Dallas County, made under oath, stating that petitioner "failed to abide by the terms of probation." The information and judgment show that in 1985 petitioner was convicted of theft of property worth between $750 and $20,000 and was sentenced to six-years' probation. On September 21, 1990, an assistant district attorney sought revocation of petitioner's probation on three grounds:

(1) petitioner committed a crime in Louisiana—the theft of Audubon prints; (2) petitioner failed to report to his probation officer for the months of June, July and August, 1990; and (3) petitioner is outside Dallas County, Texas, without permission. An arrest warrant was issued by a district judge on this charge.

Petitioner first claims that there is no finding of probable cause that petitioner violated his probation in Texas. His claim is based in large part on 13 V.S.A. § 4943(b), which requires the documents presented by the state seeking extradition to "show" that the person who is sought has been convicted in that state and has "broken the terms of his . . . probation." Petitioner argues that this language requires at least a showing of probable cause to believe that he has violated his probation.

We held in *In re Hval*, 149 Vt. 58, 60, 539 A.2d 537, 538 (1987), that in probation violation cases the crime for which extradition is sought is the underlying crime and not the probation violation. The judgment of conviction establishes the factual basis for that crime. Thus, when the petitioner in *Hval* argued that the paperwork failed to establish probable cause that petitioner violated his probation, we held such a showing was unnecessary. *Id.* at 61, 539 A.2d at 539.

We think that petitioner reads too much into the word "show" in § 4943(b). As the State points out, the Legislature has demonstrated in § 4955 that it knows how to require a probable cause showing when it wants to. We note that the parallel statement of the requirement in § 4943(a) is satisfied by a statement of the executive authority that the person sought has broken the terms of his probation.

Subsection (b) of § 4943 is part of the 1926 version of the Uniform Criminal Extradition Act, adopted in Vermont in 1933. See No. 36, § 5 (1933 Vt. Adj. Sess.). Most states have updated their version of the Uniform Act in line with the 1936 amendment and dropped their equivalent of subsection (b). See generally *Lovejoy v. State*, 148 Vt. 239, 244–45, 531 A.2d 921, 925 (1987) (discussing 1936 amendment to the Uniform Criminal Extradition Act). Seven states—Alabama, Arizona, Arkansas, Idaho, Indiana, Vermont, and Wyoming—have retained this language. The issue presented here has been resolved directly or impliedly in Alabama, Arizona, and Idaho. In each, the courts have allowed extradition without a finding of probable cause in

parole or probation revocation situations. See *Morris v. State*, 43 Ala. App. 660, 661–62, 199 So. 2d 675, 677 (1967) (documents sufficient in parole revocation case without judicial finding that parole had been violated); *In re Kirk*, 6 Ariz. App. 238, 239, 431 P.2d 678, 679 (1967) (allegation of parole violation sufficient; whether "person has in fact violated his parole is of no concern in the courts of the asylum state"); *Richardson v. State*, 90 Idaho 566, 569–70, 414 P.2d 871, 872–73 (1966) (bench warrant from requesting state sufficient to show parole violation).

On a related point, petitioner argues that the Texas judgment is undated so it is impossible to determine whether he is still under probation. On review of the record, we conclude that the judgment is dated September 10, 1985. It is clear that petitioner's six-year probation is still in effect.

■ Petitioner's final claim below was that extradition is not constitutionally authorized where the individual is not charged with a crime. As discussed above, petitioner is charged with a crime—the underlying offense for which probation was imposed. See *In re Hval*, 148 Vt. 544, 546, 537 A.2d 135, 137 (1987).

■ In his appearance pro se in this Court, petitioner argued that the Texas and Louisiana demands are linked and the dismissal of the first Louisiana proceeding eliminated any probable cause for the Texas demand. The dismissal of the Louisiana proceeding was based only on a failure to show that petitioner was present in the state when he allegedly committed the crime. It was not based on a failure of Louisiana to make a sufficient showing that petitioner had committed the crime. Even if the two demands are linked, as petitioner argues, there is no reason to refuse to honor the Texas demand because of the action on the Louisiana demand.

All other arguments made here or in the trial court to attack the Texas warrant have been considered above with respect to the Louisiana warrant.

*Affirmed.*