I, CANNIZZARO, J.
This case is before us on an application for a writ or certiorari. The relator, the State of Louisiana, is seeking a review of a ruling of the magistrate court judge. The *1183 ruling dismissed an extradition warrant on the grounds that the warrant was defective, because the governor’s signature was affixed to the warrant by a signature machine and was not personally signed by hand by the governor. We grant the writ application.
FACTS
Ronald Samuels, the relator in this case, is being held in the Orleans Parish Prison in New Orleans, Louisiana after his arrest on a fugitive warrant. Mr. Samuels has been charged in the State of Florida with attempted first degree murder with a firearm, shooting into an occupied vehicle, solicitation to commit first degree murder, conspiracy to commit first degree murder, and felony causing bodily injury. Mr. Samuels has refused to waive extradition.
In response to the relator’s motion to dismiss the extradition warrant, the magistrate telephoned the office of the governor and learned that the governor’s signature on the extradition warrant issued for the relator was affixed to the warrant by means of a signature machine. It was not signed by the governor by |¡>hand in her own handwriting. Instead, the signature machine was used to affix a facsimile of her signature to the warrant. Based on the information received from the governor’s office, the magistrate dismissed the extradition warrant, because it was not “signed” by the governor.
DISCUSSION
The sole issue before this Court is whether the governor must affix her signature to an extradition warrant by personally signing her name in her own handwriting on the document or whether a governor may affix her signature to the warrant by the use of a signature machine that produces a facsimile of the governor’s handwritten signature. La.C.Cr. P. art. 265 states in relevant part that “[i]f the governor decides that a demand for extradition should be complied with, he shall sign a warrant of arrest directed to any peace officer for execution.” We must determine whether the word “sign” includes signing by a signature machine.
The word “signature” has been defined to mean “[a] person’s name or mark written by that person or at the person’s direction.” Black’s Laiv Dictionary 1415 (8th ed.2004). The term “facsimile signature” has been defined to mean “[a] signature that has been prepared and reproduced by mechanical or photographic means.” Id. In the instant case the governor’s signature on the warrant is a facsimile signature. The signature is the governor’s own signature handwritten by the governor’s own hand, but it has been reproduced by a signature machine.
Although we have not found any Louisiana jurisprudence addressing the precise issue in this case, we have found several cases in which courts of other states have considered the issue now before us. We find these cases to be instructive.
[3In Ex Parte Britton, 382 S.W.2d 264 (Tex.Crim.App.1964), the Court of Criminal Appeals of Texas stated that “[t]he executive warrant of the Governor, regular on its face, makes out a prima facie case authorizing the extradition.” 382 S.W.2d at 266. The defendant had argued that he had good reason to believe that the signature affixed to the governor’s warrant was not the governor’s signature but was instead a facsimile stamped signature that was not affixed by the governor. The court held that “[t]he method used in his affixing said signature, will not affect its validity.” Id. See also Ex Parte Davenport, 719 S.W.2d 391 (Tex.Ct.App.1986), in which a Texas court held that the stamped signatures of the governor and secretary of state on an extradition warrant did not prevent it from being regular on its face.
In State v. Hickman, 189 So.2d 254 (Fla.Dist.Ct.App.1966), a Florida court dis *1184 cussed how a signature may be made. The court stated as follows:
‘In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another. A signature lithographed on an instrument by a party may be sufficient for the purpose of signing it, and it has been held or recognized that it is immaterial with what kind of an instrument a signature is made. Facsimile signature of a person may be a genuine signature.’
Id. at 258 (quoting 80 C.J.S. Signatures § 7, page 1292). The court further stated that “[t]he law is that a signature may be legally made not only by the signer himself, but by and through someone duly authorized by him.” Id. The court then held that “the defendant failed to overcome the presumption that the Justice of the Peace affixed his signature to the warrant himself, whether by actually signing or by facsimile stamp, [and] ... even if his facsimile signature was affixed to the | ¿warrant by his Chief Clerk it was done with his authorization and at least in his constructive presence, and the warrant is therefore valid .... ” 189 So.2d at 261.
The permissibility of facsimile signatures under the Uniform Criminal Extradition Act, which has been substantially adopted in Louisiana and codified as La. C.Cr.P. arts. 261-80, was considered by the Colorado Supreme Court in Macurdy v. Leach, 662 P.2d 166 (Colo.1983). The Uniform Criminal Extradition Act, as adopted in Colorado, provides that as part of the extradition process a governor “shall sign a warrant of arrest, which shall be sealed with the state seal.... ” The Colorado Supreme Court considered this provision of the act to determine whether a governor’s facsimile signature was sufficient under the statute. The Colorado Supreme Court held that state law authorized the governor to delegate extradition duties to the state officials who prepared the extradition documents on behalf of the governor. Therefore, the governor’s facsimile signature on the documents was permitted by the statute.
In re Moskaluk, 156 Vt. 294, 591 A.2d 95 (Vt.1991), involved a prisoner who was held under two extradition warrants. He brought a habeas corpus action in which he challenged a Louisiana extradition. One of the alleged defects in the extradition was that the signatures of the Louisiana governor and secretary of state were deficient, because they were made by machine. The Vermont Supreme Court held that “[petitioner cannot defeat this case by showing merely that a signature machine was used in Louisiana. Rather, he must prove that the demand was not made at the direction of the Governor of Louisiana. He has not done so.” 156 Vt. at 297, 591 A.2d at 97 (citations omitted).
The Uniform Criminal Extradition Act, as adopted in Louisiana, provides in La. C.Cr.P. art.265 that “[i]f the governor decides that a demand for extradition |fishould be complied with, he shall sign a warrant of arrest directed to any peace officer for execution.” We interpret this article to mean that the governor’s signature shall be affixed to the warrant. We also find that a facsimile signature that is derived from the governor’s own handwritten signature and is made by a signature machine satisfies the signing requirement under La.C.Cr.P. art. 265. Because the term “governor” is defined in La.C.Cr.P. art. 261 to include “any person performing the functions of governor by authority of the law of this state,” we find that it is permissible for the governor to delegate to another person the authority to affix the governor’s facsimile signature to an extra *1185 dition warrant pursuant to La.C.Cr.P. art. 265.
There is also a legal presumption that public officers have done their duty. See La. R.S. 15:432. This presumption relieves “him in whose favor it exists from the necessity of any proof.” Id. There is no evidence that the governor did not properly authorize the use of her facsimile signature on the extradition warrant. Therefore, the extradition warrant is presumed to be properly authorized and executed, and the relator has not rebutted this presumption by offering any evidence to the contrary.
CONCLUSION
We find that an extradition warrant is in no way invalidated, because it bears a facsimile signature of the Louisiana governor rather than the governor’s handwritten signature affixed to the warrant by the governor’s own hand. The ruling of the magistrate court dismissing the extradition warrant for the relator is hereby reversed.
REVERSED.