457 So.2d 546 (1984)
James W. STRANIGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-345.
District Court of Appeal of Florida, Second District.
October 5, 1984.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant challenges the propriety of the sentence imposed upon him pursuant to his plea of nolo contendere. The defendant was charged with burglary and subsequently entered a nolo contendere plea to the charge on the understanding that he would receive probation. However, at sentencing, a different judge presided and sentenced the defendant to three *547 years' incarceration, then suspended the three-year sentence and instead placed the defendant on three years of community control. The defendant protested the sentence on the ground that community control was not the same as probation and asked that he be permitted to withdraw his plea on the ground that he was promised probation and did not receive it. The trial judge denied the motion, indicating his belief that community control was at least consistent with probation. Later the defendant made a motion for reconsideration of the sentence or, in the alternative, to withdraw the plea of nolo contendere. The trial judge denied the defendant's motion but modified the original sentence to two years' community control followed by one year of probation. This appeal followed.
We agree with the defendant that community control is a more severe sanction than probation. Section 948.001, Florida Statutes (1983), defines community control and probation as follows:
(1) "Community control" means a form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads. Community control is an individualized program in which the freedom of an offender is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced.
(2) "Probation" means a form of community supervision requiring specified contacts with parole and probation officers and other terms and conditions as provided in s. 948.03.
[Emphasis added.]
When a plea agreement is not honored, either by mistake, inadvertence, or subsequent change in the trial judge's concurrence with the plea bargain, the defendant should have the opportunity to withdraw his plea. Fla.R.Crim.P. 3.171(d); Odom v. State, 310 So.2d 770 (Fla. 2d DCA 1975). Since, in this case, the defendant tendered his plea of nolo contendere on the understanding that he would receive probation and since he received, instead, three years' community control followed by one year probation, the defendant should have the opportunity to withdraw his plea.
Accordingly, the judgment and sentence are hereby set aside and vacated to give the defendant the opportunity to withdraw his plea of nolo contendere.
REVERSED AND REMANDED.
OTT, A.C.J., and CAMPBELL, J., concur.