RYDER, Chief Judge.
Appellant pleaded nolo contendere to the charges of aggravated battery and aggravated assault and guilty to the charge of possession of a controlled substance with the understanding that he would receive probation and no more than six months incarceration. The trial judge, however, after reviewing the presentenee investigation report, sentenced appellant to two years of community control on each charge, to run concurrently.
Appellant’s plea agreement was not honored when he was sentenced to community control instead of probation. Community control is a more severe sanction than probation. Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984). When the plea agreement was not honored through mistake, inadvertence or change of the trial judge’s approval of the agreement, appellant should have been given the opportunity to withdraw his plea before sentencing. Stranigan; Dunkel v. State, 432 So.2d 201 (Fla. 2d DCA 1983); Gumbiner v. State, 429 So.2d 828 (Fla. 2d DCA 1983); Freeman v. State, 376 So.2d 294 (Fla. 2d DCA 1979).
Accordingly, the judgments and sentences are vacated and set aside and this case is remanded to the trial court to allow *628 appellant the opportunity to withdraw his pleas.
OTT and CAMPBELL, JJ., concur.