ERVIN, Judge,
concurring and dissenting.
Although I agree with the majority that this case must be reversed, I know of no legal basis for its direction to the trial court to conduct a proceeding to determine *336 the defendant’s awareness of the effect of the sentence recommendation prior to allowing appellant to withdraw his plea.
It is well established that the trial judge is not bound by any sentencing recommendation established by a plea agreement between the state and the defendant. If, however, the court does not carry out the terms of the plea bargain, the defendant has two alternatives: he may withdraw his plea and proceed to a disposition on the matter without any admissions, statements or other evidence given in the plea negotiations being used against him, or he may agree to proceed with the plea without being bound by any conditions or agreements. Davis v. State, 308 So.2d 27, 29 (Fla.1975); Fla.R.Crim.P. 3.172. See also Brown v. State, 245 So.2d 41 (Fla.1971) (defendant’s motion to withdraw guilty plea should have been granted, because the plea was entered based upon defense counsel’s honest misunderstanding that defendant would receive a probationary sentence); Williams v. State, 541 So.2d 752 (Fla. 1st DCA 1989) (defendant’s motion to withdraw plea should have been granted, because condition was imposed following acceptance of plea); Lightfoot v. State, 533 So.2d 930 (Fla. 1st DCA 1988) (defendant’s motion to withdraw his plea, which was made after the trial judge refused the jointly recommended sentence of the state and defense counsel, should have been granted); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986) (trial court erred in failing to give defendant opportunity to withdraw plea once it decided not to impose sentence in accordance with bargain); Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984) (defendant should have been afforded opportunity to withdraw nolo contendere plea, which was tendered on the understanding that he would receive probationary sentence, when trial court instead imposed sentence consisting of community control).
In the instant case, appellant’s nolo con-tendere plea was clearly entered upon a joint recommendation by the state and defense counsel that he would be sentenced as a youthful offender. The trial judge did not concur in that agreement. He was, therefore, legally obligated to allow appellant to withdraw the plea upon his timely motion. Fla.R.Crim.P. 3.172(g). As neither the rule nor the above case law provides a basis for the evidentiary-type proceeding directed by the majority, I would reverse appellant’s conviction and remand with directions for the trial court either to impose a sentence in accordance with the plea bargain or to allow appellant the opportunity to withdraw his plea and proceed to trial on the merits.