270

**In re Eugene Ladd**

[596 A.2d 1313]

No. 91-289

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 9, 1991

*E. M. Allen*, Defender General, and *William Nelson*, Appellate Attorney, Montpelier, for Petitioner-Appellant.

*William Sorrell*, Chittenden County State's Attorney, Burlington, and *Pamela Hall Johnson*, Appellate Prosecutor, Montpelier, for Respondent-Appellee.

**Dooley, J.** Petitioner, Eugene Ladd, who is held under an extradition warrant, appeals the trial court's denial of his petition for a writ of habeas corpus. We reverse.

On April 12, 1991, the Governor of Florida filed a request for extradition, stating that petitioner had violated the terms of his probation imposed after a conviction for theft of a motor vehicle. The Governor's request was supported by a copy of the judgment of conviction, dated July 14, 1983, which showed that petitioner had been convicted of the theft and sentenced to five years' probation. The request was also accompanied by copies of the following documents: (1) an affidavit of a Florida assistant state attorney, alleging that there was "sufficient evidence" to revoke petitioner's probation; (2) a February 1991 affidavit of a probation officer, stating that petitioner had been placed on two years' "community control" for theft of a motor vehicle on September 2, 1988, and alleging that petitioner had violated various terms of his community control during the months of September 1990 through January 1991; and (3) an arrest warrant, dated February 5, 1991 and signed by a Florida circuit court judge, restating each of the allegations made in the probation officer's affidavit, with one notable exception—the warrant stated that petitioner had been placed on community control "on the 2nd day of September A.D. 1991."[1]

In his challenge to extradition, petitioner claimed, among other things, that the documents filed in support of the request failed to show that he had violated the terms of his probation,[2]

---

[1] The file also contains an arrest sheet. It shows charges against petitioner in 1984, 1987 and June of 1988, including two violation-of-probation charges. Presumably, the violation-of-probation charges led to the imposition of community control on September 2, 1988. The only charge during the two-year period of community control is a violation of parole in New York.

Petitioner was charged with retail theft in January, 1991, and this charge is alleged to be one of the violations of petitioner's probation. Florida has not sought extradition for the charge itself, and there is no indication whether he has been tried on this charge.

[2] "Community control" is defined as "a form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted caseloads." Fla. Stat. Ann. § 948.001(1) (1985). Although community control is a more severe sanction than probation, see *White v. State*, 465 So. 2d 627, 627 (Fla. Dist. Ct. App. 1985), we see little difference between an extradition request based on a violation of com-

as required by Vermont's version of the Uniform Criminal Extradition Act, 13 V.S.A. §§ 4941–4969. Petitioner maintained that on the face of the documents, his probation had expired long before any of the alleged misdeeds had occurred. The trial court rejected petitioner's argument, explaining that it would not "look behind" the Florida arrest warrant. Petitioner renews this claim on appeal.

■ We begin by emphasizing our limited function in reviewing the legality of a sister state's extradition request. Our sole task is to ensure the validity of the requisition warrant and procedural compliance with our extradition statute, *In re Graziani*, 156 Vt. 278, 280, 591 A.2d 91, 93 (1991), and we will not look behind these documents or examine the merits of the charges against petitioner. *In re Moskaluk*, 156 Vt. 294, 297, 591 A.2d 95, 97 (1991).

■ 13 V.S.A. § 4943 sets out the pertinent requirements for an extradition request based on an alleged violation of probation or parole. Under § 4943(a), the extradition demand must include "a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has . . . broken the terms of his . . . probation or parole." In addition, § 4943(b) states that no extradition warrant shall be issued unless the accompanying documents "show that . . . [the person] has been convicted of a crime in that state and has . . . broken the terms of his . . . probation or parole." These two sections provide the grounds for the issuance of an extradition warrant and must be read together. *Graziani*, 156 Vt. at 280, 591 A.2d at 93.

■ We have made it clear that § 4943(b)'s mandate—that accompanying documents "show" that the accused has violated the terms of his probation or parole—imposes only a minimal burden on the part of the demanding state. See *Moskaluk*, 156 Vt. at 299, 591 A.2d at 98 (no requirement that documents show probable cause to believe that fugitive violated his probation).

munity control and one based on a violation of probation. For the sake of brevity, we will refer to the present case as involving an alleged violation of probation.

Although the burden is minimal, it is not nonexistent. To comply with the Uniform Criminal Extradition Act, the demanding state must establish, on the face of its documents, that: (1) the person sought was convicted of a crime; (2) a period of probation or parole was imposed; (3) the person has broken the terms of his or her probation or parole; and (4) the sentence had not expired at the time of the alleged violation. See *In re Hval*, 148 Vt. 544, 546, 537 A.2d 135, 137 (1987) (probationer subject to extradition as a fugitive where shown to be a convict with an unexpired sentence); see also *Ingram v. Dodd*, 243 Ga. 788, 788, 256 S.E.2d 778, 779 (1979) ("A probationer whose probation has been revoked because of a violation of its conditions may be extradited . . . on the ground that he is a convict whose sentence has not expired, and who is 'charged with crime' within the meaning of the United States Constitution."); *Sloss v. Sheriff of Leavenworth County*, 7 Kan. App. 2d 702, 703–04, 648 P.2d 255, 257–58 (1982) (person is "charged with crime" under extradition act where there has been a judgment of conviction, the sentence has not expired, and the person has violated the terms of his probation).

In the present case, the extradition request included a statement by the Governor that petitioner had violated the terms of his probation, along with affidavits of a state attorney and a probation officer to that effect. The judgment of conviction, however, shows that on July 14, 1983, petitioner was convicted of motor vehicle theft and placed on five years' probation. On the face of this document, the original period of probation expired in 1988. By any measure, the document is insufficient to show that petitioner's sentence was unexpired at the time of the conduct that gave rise to the extradition request.

The papers go further, however, and show that petitioner was sentenced to a two-year period of community control from September 2, 1988. We infer, although nothing in the documents states this directly, that the additional sentence was imposed for violation of the terms of the probation imposed in 1983. This interpretation is reinforced by the fact that the community control sentence was imposed for the same acts of automobile theft as the 1983 sentence. In any event, the documents show that

petitioner's sentence did not expire until September 1, 1990.[3] They do not, however, help the State. All of the alleged acts of probation violation occurred after September 1, 1990. Thus, the documents show that petitioner's sentence had expired when the alleged violation of probation occurred.

 We recognize that the Governor's warrant is prima facie evidence that the constitutional and statutory requirements for extradition have been met. See *Michigan v. Doran*, 439 U.S. 282, 289 (1978). We also recognize that legal questions about the computation of petitioner's sentence are for the demanding state to resolve. See *State ex rel. Reddin v. Meekma*, 102 Wis. 2d 358, 364, 306 N.W.2d 664, 667 (question of whether parole term is tolled while petitioner was serving prison term in Wisconsin must be resolved in demanding state), *cert. denied*, 454 U.S. 902 (1981). Once the State puts in evidence the supporting documents, however, we must examine them for sufficiency to determine whether they support or rebut the prima facie case. See *Potts v. State*, 378 So. 2d 264, 266 (Ala. Crim. App.), *cert. denied*, 378 So. 2d 267 (Ala. 1979). Here, they rebut that case because they establish, if anything, an expired sentence. The State has offered no legal theory under which the sentence could be found to be in effect when the alleged violations of probation occurred. It is possible that the discrepancies could be explained by further documents from Florida, but that state failed to supply them. Accordingly, the requisition documents fail to meet the minimum requirements of 13 V.S.A. § 4943.

*The judgment of the superior court is reversed and the writ of habeas corpus is granted, releasing Eugene Ladd from the Chittenden Community Correctional Center in South Burlington, Vermont. The mandate shall issue forthwith.*

---

[3] As noted earlier, one of the documents describes the community control sentence as beginning on September 2, 1991. This document was obviously prepared on the basis of the parole officer's affidavit and was intended to read September 2, 1988. The date error is of no significance. *State ex rel. Doherty v. Duggan*, 300 Minn. 528, 529, 218 N.W.2d 759, 760 (1974). The document is of no added help to the State.