**In re Fisher JONES**

[669 A.2d 1199]

No. 95-499

November 2, 1995. Appellant Fisher Jones appeals from a denial of a habeas corpus petition to prevent his extradition to Colorado. We affirm.

Appellant was served with a Governor's warrant on August 7, 1995. Appellant filed a habeas corpus petition on September 26, 1995, and the court held a hearing on the petition on the following day. Attached to the Governor's warrant was an Affidavit for Arrest Warrant in which the ex-girlfriend of appellant states that she had been assaulted by the appellant in a liquor store parking lot in Boulder, Colorado. Also attached to the Governor's warrant were a fingerprint card and a photograph of appellant. The fingerprint card included the name of appellant, his date of birth, height, weight, and race.

Appellant argues that the Colorado Governor's demand for extradition failed to meet the statutory requirements of 13 V.S.A. § 4943 because it did not show that appellant was in Colorado at the time of the alleged offense. Appellant relies on our decision in *Lovejoy v. State*, 148 Vt. 239, 531 A.2d 921 (1987), to support his argument. Appellant's reliance on *Lovejoy* is misplaced, because *Lovejoy* involved an extradition demand where no Governor's warrant had been issued at the time of the habeas corpus hearing. *Id.* at 241, 531 A.2d at 922. That case explained the requirements of § 4955, the statute that governs in case of arrest prior to the issuance of a Governor's warrant, not the more limited requirements of § 4943, the statute involved here. *Id.* at 243-44, 531 A.2d at 924. We note that the Governor's warrant is prima facie evidence that the constitutional and statutory requirements for extradition have been met. *In re Ladd*, 157 Vt. 270, 274, 596 A.2d 1313, 1315 (1991). Accordingly, our function in reviewing the legality of a sister state's extradition request is limited; we will not look behind the documents included in the warrant or examine the merits of the charges against appellant. *Id.* at 272, 596 A.2d at 1314.

Under 13 V.S.A. § 4943, a demand for extradition will be recognized if the Gov-

ernor's warrant shows in writing that (1) the accused was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from the state; (2) the accused is now in Vermont; and (3) the accused has·been lawfully charged by indictment or information, supported by an affidavit, with having committed a crime under the laws of that state, or has been convicted by the state and has escaped or broken terms of bail, probation, or parole. Section 4943(b) imposes only a minimal burden on the part of the demanding state. *Ladd*, 157 Vt. at 272, 596 A.2d at 1314; see also *In re Moskaluk*, 156 Vt. 294, 299, 591 A.2d 95, 98 (1991) (holding that § 4943(b) does not require that documents show probable cause to believe that fugitive violated probation).

Appellant argues that the first requirement has not been met because it has not been shown adequately that appellant is the same Fisher Jones who is alleged to have committed a crime in Colorado. Appellant could make a similar argument about the second and third requirement.

The controlling case is *In re Haynes*, in which we held that there is no statutory requirement that a demanding state's rendition request include proof of identity, other than the name of the person to be arrested. 155 Vt. 256, 258, 583 A.2d 88, 90 (1990). Although aimed at a different statutory requirement, the appellant's argument in *Haynes* was identical to that made here. The appellant in *Haynes* argued that, although he was the person the demanding state sought, nothing in the paperwork showed that he was the person named in the indictment. He showed that other persons with his name lived in the area where the crime was alleged to have occurred. We held that identity of name is sufficient to meet all § 4943 requirements, unless the accused rebuts the presumption created by that identity by offering evidence that he is not the same person named in the indictment. *Id.*

at 259, 583 A.2d at 90; see also *Ladd*, 157 Vt. at 274, 596 A.2d at 1315 (once State puts into evidence supporting documents, defendant may present evidence to rebut prima facie case).

Appellant argues that papers do not show that he is the Fisher Jones who was present in Colorado at the time of the commission of the crime. Under *Haynes*, presence is presumed by identity of name. With no evidence to rebut the presumption, the court correctly ruled that compliance with § 4943 is shown.

*Affirmed.*