2014 VT 79

# In re William LaPlante

[101 A.3d 173]

No. 13-214

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.**

Opinion Filed July 18, 2014

190

*Matthew F. Valerio,* Defender General, and *Emily Tredeau,* Prisoners' Rights Office, Montpelier, for Petitioner-Appellee.

*Marc D. Brierre,* Rutland County State's Attorney, Rutland, for Respondent-Appellant.

¶ 1. **Skoglund, J.** The State of New Hampshire attempts to extradite petitioner William LaPlante, a Vermont resident, for failure to appear at a 2009 hearing allegedly related to a criminal conviction in New Hampshire in 1998. Following a Governor's warrant from the State of Vermont, petitioner requested a writ of habeas corpus from the Vermont superior court in Rutland, which the court granted on grounds that the warrant lacked information required by statute. The State of Vermont appeals this grant of habeas corpus relief, contesting the court's holding and its findings regarding the contents of the Governor's warrant. We affirm.

¶ 2. New Hampshire's request for petitioner's extradition appears to stem from a 1998 forgery conviction in that state. The record contains no documentation of any New Hampshire court action involving petitioner after 1998 until nearly ten years later, in 2008. There the record picks up again with a "return from superior court" containing a sentence of six months, partially deferred, conditioned on good behavior and with an order to pay restitution in the amount of $5515. Over a year later, in 2009, the New Hampshire court held a "hearing on deferred sentence," at which petitioner failed to appear. As a result, the court ordered the issuance of a capias[1] authorizing petitioner's arrest and setting bail in the amount of $5150.[2]

¶ 3. Although never referenced in the Governor's warrant, it seems that this current extradition proceeding is not the State's first attempt to return petitioner to New Hampshire. Following the capias, the State sought extradition of petitioner in 2012 after an encounter between petitioner and Vermont police revealed the outstanding capias for petitioner's arrest. The State filed a petition with the Superior Court, Bennington Unit, Civil Division for interstate rendition of a fugitive, which the Bennington court denied, finding that "[t]here is no evidence that [petitioner] has been charged with any actual criminal offense" and that the missed hearing "appears to be solely a restitution proceeding. Nothing demonstrates it is part of any probation or parole process." On this basis, the court held the warrant facially invalid and denied the State's extradition request.

¶ 4. Several months later, petitioner was arrested in Vermont on an unrelated matter, and another fugitive-from-justice petition was filed by the State — this time in the Rutland superior court. A few months after that, New Hampshire's Governor requested extradition, and Vermont's Governor then executed the warrant for

---

[1] A capias refers to "[a]ny of various types of writs that require an officer to take a named defendant into custody." Black's Law Dictionary 221 (8th ed. 2004).

[2] Petitioner asserts that New Hampshire seeks extradition as a method of collecting the unpaid restitution from the forgery charge, essentially a civil debt, citing as support the fact that the capias bail and the forgery charge bail are for the same amount. There appears to be some inconsistency in the record as to the amount set for the forgery restitution; some documents, including the "return from superior court," cite the amount as $5515, while others list the restitution amount at $5150, the same as the capias bail. Ultimately, this discrepancy matters little as we affirm the trial court's writ of habeas corpus based on the facial invalidity of the warrant and thus do not reach petitioner's civil-debt argument.

petitioner's arrest and extradition that is at issue in this case. In response to the warrant, the Rutland court gave New Hampshire ten days to pick up petitioner and take him back to that state, holding petitioner without bail until the expiration of that time. Petitioner filed a request for habeas corpus relief, which the superior court granted, concluding after a hearing that the Governor's warrant failed to meet the prima facie requirements of Vermont's extradition statute. The State now appeals the court's grant of petitioner's habeas corpus writ, contending that the Governor's warrant does meet the prima facie requirements for extradition and that findings made by the court during the hearing do not support the conclusion that the warrant was facially invalid.

¶ 5. ■ The U.S. Constitution "places certain limits on the sovereign powers of the States, limits that are an essential part of the Framers' conception of national identity and Union." *California v. Sup. Ct. of Cal., San Bernardino Cty.*, 482 U.S. 400, 405 (1987). One such limit exists by way of the Extradition Clause found in Article IV, under which the State of Vermont is required to turn over any person charged with a crime in another state upon request by that state's executive authority. U.S. Const. art. IV, § 2, cl. 2. This Clause "was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." *Michigan v. Doran*, 439 U.S. 282, 287 (1978); see also *Lovejoy v. State*, 148 Vt. 239, 243, 531 A.2d 921, 924 (1987) (noting the primary purpose of Vermont's extradition scheme "is to implement Art. IV, § 2, cl. 2 of the United States Constitution which gives a state through its Governor the right to seek and obtain custody of a fugitive from justice found in another state"). In this pursuit, interstate extradition is intended to be a summary and mandatory executive proceeding, with no discretion afforded to the officers or courts of the asylum state where federal and state requirements have been met. *Doran*, 439 U.S. at 288; *New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151, 154 (1998).

¶ 6. ■ ■ A Vermont court's inquiry into whether extradition is appropriate is therefore limited; "[o]ur sole task is to ensure the validity of the requisition warrant and procedural compliance with our extradition statute, and we will not look behind these docu-

ments or examine the merits of the charges against petitioner."[3] *In re Ladd,* 157 Vt. 270, 272, 596 A.2d 1313, 1314 (1991) (citation omitted). While a Governor's warrant is prima facie evidence that the constitutional and statutory requirements have been met for extradition, this Court's obligation on review is to examine the sufficiency of those documents "to determine whether they support or rebut the prima facie case." *Id.* at 274, 596 A.2d at 1315.

¶ 7. ■ Vermont's statutory requirements are based on the Uniform Criminal Extradition Act and are found in §§ 4941-4969 of Title 13. Section 4943 is specific to extradition through a Governor's warrant, and states that an extradition demand from another state must be accompanied — among other things — by a copy of the indictment, or an information supported by affidavit, or an affidavit made before a magistrate. 13 V.S.A. § 4943(a). Section 4943 further directs that where, as here, the warrant request is made after a defendant's conviction, the requesting state must show that the defendant "has escaped from confinement or broken the terms of his or her bail, probation or parole." *Id.* § 4943(b)(3). We have stated before that it is a "minimal burden" imposed on the state requesting extradition to make this showing; nonetheless "it is not nonexistent." *Ladd,* 157 Vt. at 272-73, 596 A.2d at 1314. To meet this burden, the documentation submitted must establish that: (1) the person sought was convicted of a crime; (2) a period of probation or parole was imposed; (3) the person has broken the terms of his or her probation or parole; and (4) the sentence had not expired at the time of the alleged violation. *Id.* at 273, 596 A.2d at 1314.

¶ 8. ■ ■ On their face, the documents contained in the Governor's warrant establish only the first of these requirements.

---

[3] The parties raise the question of what standard of review we apply in examining the grant of a habeas corpus writ in the extradition context. In habeas corpus cases, we have applied the traditional standard of review whereby the trial court's findings of facts will stand if there is any reasonable and credible evidence to support them, but our approach to questions of law is nondeferential and plenary. See *In re M.B.,* 2004 VT 58, ¶ 6, 177 Vt. 481, 857 A.2d 772 (mem.). Where the question of law is whether extradition is appropriate, as noted in *Ladd,* our review is limited to an examination of the State's documentation and a determination of whether that documentation is sufficient to meet the requirements of Vermont's law. Our current review of the Governor's warrant is therefore a de novo examination of the extradition documentation, as any findings of fact by the trial court are not necessary to the determination of facial sufficiency in this case.

It is clear that petitioner was convicted of forgery in 1998; it is far less clear when and what sentence he received for that crime. With no supporting documentation in the record, the State asserts that petitioner was never sentenced in 1998 and that his sentencing was deferred for ten years until 2008. The 2008 sentence, contained in a document titled "return from superior court," states that it is "for a period of six months" with four months "deferred conditioned upon good behavior," yet then later states that "[t]he deferred sentence is for 3 months." Also strange is the heading on the return, which indicates it is related to the offense of forgery but then reads "Violation of Court Order: Chargeable By Plea." Unfamiliar as we are with New Hampshire's court forms, an unexplained ten-year delay in petitioner's sentencing along with the phrase "violation of court order" leave this Court far from certain that any 2008 sentence is for petitioner's original crime of forgery. Additionally, we note that the mittimus section of the return is unsigned. While it is not for this Court to resolve issues with petitioner's sentencing or New Hampshire's judicial proceedings, we are nonetheless required to acknowledge the inconsistencies present in the only document included in the warrant that contains sentencing information. *Id.* at 274, 596 A.2d at 1315 (noting that while "legal questions about the computation of petitioner's sentence are for the demanding state to resolve," we will examine evidence submitted for sufficiency); *Deyo v. Snelling*, 139 Vt. 341, 343, 428 A.2d 1117, 1119 (1981) ("Vermont's inquiry [in an extradition case] should not include an examination of the demanding state's laws or judicial proceedings.").

¶ 9. ██ Further, there is a lack of evidence that the sentence imposed by the return had not expired by the time of petitioner's arrest. Petitioner failed to appear at the hearing on his deferred sentence on September 29, 2009. The sentence conferred by the return commenced on July 3, 2008. Even if each timeframe referred to in the sentence — six months, four months, and three months — was treated as separate and consecutive, by no means clear from the language of the return, the sentence would have concluded after thirteen months in August of 2009. Where the State's evidence establishes at most an expired sentence, we have held the prima facie case established by the Governor's warrant to be rebutted. *Ladd*, 157 Vt. at 273-74, 596 A.2d at 1315 (observing that "[b]y any measure, the document is insufficient to show that

petitioner's sentence was unexpired at the time of the conduct that gave rise to the extradition request").

¶ 10. Furthermore, even if the sentencing for petitioner's 1997 crime was, for some reason, deferred until 2008, we remain unconvinced that petitioner's subsequent failure to appear at a "hearing on deferred sentence" qualifies him for extradition under § 4943. Nothing in the warrant documentation establishes that petitioner was subject to bail, parole or probation at the time of his hearing, such that his failure to appear at this hearing was therefore a violation of bail, parole or probation. This is particularly seen in the capias itself, which issued after the hearing. The capias form contains several check-boxes to indicate the reason for issuance, including "[h]as been charged with a [v]iolation of [p]robation" and "[i]mposition of a deferred sentence." Yet the only box checked is for "[f]ailed to appear," which is also the only reason indicated on New Hampshire's request for a Governor's warrant from Vermont. In the absence of any confirmation that petitioner was on parole or probation, this Court cannot confirm petitioner's violation of either, without which petitioner does not qualify for post-conviction extradition under § 4943.

¶ 11. These issues alone are enough for this Court to conclude that, on the whole, the documentation included in the Governor's warrant is altogether too vague and inconclusive where the statute demands clarity. Although we have in past stated our support for the U.S. Supreme Court's caution against "unduly technical judicial interpretations of these procedural requirements," we cannot extradite where extradition is not justified. *In re Lambert*, 173 Vt. 604, 606, 795 A.2d 1236, 1239 (2002) (mem.) (citing *Compton v. Alabama*, 214 U.S. 1, 8 (1909)). Even construing our statutory requirements "liberally," *id.*, extradition is not appropriate without any evidence in the warrant to support the assertion that petitioner was under parole or probation at the time of the hearing and that his sentence was not expired; doing so would effectively open the doors to the extradition of any person who was formerly convicted of a crime. Thus, we uphold the trial court's issuance of petitioner's writ of habeas corpus. On their face, the documents included in the Governor's warrant do not satisfy the requirements of § 4943.

¶ 12. This is not a case where the requesting state's documents are different in form yet functionally equivalent to what is required by statute, as in *Lambert*, but rather where the docu-

ments leave open what must, by law, be established. *Id.* at 606-08, 795 A.2d at 1239-40 (confirming validity of another state's version of judgment of conviction where "functionally equivalent" to Vermont's); see also *Ladd*, 157 Vt. at 273, 596 A.2d at 1314 ("[T]he demanding state must establish . . . [that petitioner] has broken the terms of his or her probation or parole[] and [that] the sentence had not expired at the time of the alleged violation."); *In re Sousie*, 147 Vt. 330, 331, 516 A.2d 142, 143-44 (1986) ("The law commonly requires actual documents, as opposed to conclusory statements concerning those documents, and we see no justification for requiring less in an extradition proceeding involving the deprivation of liberty when the statutory requirement is explicit." (quotation omitted)).

¶ 13. Our decision in this case rests entirely on the face of the documents submitted by the State with the Governor's warrant, and not on the information contained in the 2012 Bennington court order denying petitioner's extradition. As a result, we need not delve into the question of whether the Rutland court correctly took judicial notice of that order or the facts contained therein. Likewise, we do not address the State's arguments regarding the accuracy of the Rutland court's findings on the record as we do not rely on them in our analysis.

*The superior court's order granting petitioner's writ of habeas corpus is affirmed.*