*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2014-007

OCTOBER TERM, 2014

| | | |
|---|---|---|
| Jonathan H. Dodge | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Governor Peter Shumlin | } | DOCKET NO. 312-11-13 Oscv |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Petitioner Jonathan Dodge appeals from the trial court's denial of his writ of habeas corpus by which petitioner challenged rendition to New Hampshire. He argues that the State failed to show that the New Hampshire indictment, upon which he was convicted, was lawfully amended to refer to "Jonathan Dodge" as opposed to "Brian Smith." We conclude that this argument was waived, and affirm.

Following a hearing, the trial court made the following findings. In December 2008, petitioner was indicted in New Hampshire for the felony offense of issuing bad checks. He was convicted of this offense in May 2010. Petitioner subsequently failed to appear at the sentencing hearing, and a warrant issued for his arrest. Vermont Governor Peter Shumlin issued a Governor's Warrant directing that petitioner be arrested and detained pending delivery to New Hampshire officials. In mid-October 2013, petitioner was arrested on the Governor's Warrant and held without bail. Petitioner subsequently filed his petition for a writ of habeas corpus.

As the trial court explained, its review was extremely limited. Following the issuance of a Governor's Warrant, a court in the asylum state considering the release of a fugitive on a habeas corpus petition cannot delve into an analysis of the demanding state's laws or conduct. See In re LaPlante, 2014 VT 79, ¶ 6. The court may decide only if the extradition documents are facially sound; if the petitioner has been charged with a crime in the demanding state; if the petitioner is, in fact, the person named in the extradition request; and if the petitioner is a fugitive. Michigan v. Doran, 439 U.S. 282, 289 (1978). The Governor's Warrant is prima facie evidence that these requirements have been met. In re Ladd, 157 Vt. 270, 274 (1991).

In his habeas corpus petition, petitioner argued, among other things, that there was no statutory basis under New Hampshire law for his 2008 arrest because the New Hampshire legislature had not authorized such a charge. He also challenged the validity of Governor Shumlin's signature on the warrant. After considering and rejecting petitioner's arguments, the court issued its order concluding that: (1) the extradition documents presented, including the Vermont Governor's Warrant, were valid and not defective; (2) petitioner was convicted of a crime in New Hampshire and fled to Vermont before sentencing; (3) petitioner did not contest

that he was the "Jonathan H. Dodge" wanted in New Hampshire in this case; and (4) petitioner was apprehended in Vermont, and the State of New Hampshire had not withdrawn its request for his return. Accordingly, the court denied petitioner's application for a writ of habeas corpus. This appeal followed.

Petitioner argues on appeal that the Governor's Warrant was deficient in that it failed to show that the New Hampshire indictment was lawfully amended to change the person indicted from "Brian Smith" to "Jonathan Dodge." According to petitioner, the State therefore failed to show that he was substantially charged with a crime in New Hampshire.

Petitioner did not raise this argument below. Indeed, the court found that petitioner did not contest that he was the "Jonathan H. Dodge" wanted in New Hampshire. As we have often repeated, "[t]o properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). Petitioner failed to preserve his argument here and we therefore do not address it.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice