NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 37

No. 25-AP-012

In re James Fredrick

Supreme Court

On Appeal from
Superior Court, Caledonia Unit,
Civil Division

June Term, 2025

Benjamin Battles, J.

Alex Canzoneri, Lamoille County Public Defender, Hyde Park, for Appellant.

Charity R. Clark, Attorney General, and Zachary J. Chen and Sophie A. Stratton, Assistant
  Attorneys General, Montpelier, for Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1.    **COHEN, J.**    Petitioner James Fredrick filed this petition for habeas corpus challenging his confinement in Vermont on a governor's warrant pending extradition to New York to face a charge of second-degree murder. The superior court denied petitioner's request, concluding that the requirements for the extradition process were satisfied. On appeal, petitioner argues the governor's warrant and the extradition application from New York did not contain an authenticated copy of the indictment as required under 13 V.S.A. § 4943. We dismiss the appeal as moot and do not reach the substantive arguments.

¶ 2.    Interstate extradition is a summary proceeding stemming from the Extradition Clause of the U.S. Constitution, under which Vermont is "required to turn over any person charged with a crime in another state upon request by that state's executive authority." In re LaPlante, 2014 VT 79, ¶ 5, 197 Vt. 189, 101 A.3d 173. The Extradition Clause states:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2. Vermont statute provides the process by which other states, like New York, may request extradition from the Governor of Vermont. 13 V.S.A. § 4943.

¶ 3. The statute delineates the requirements of an extradition request from another state. The request must be in writing, allege "that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he or she fled from the state," and contain "a copy of an indictment found" or information supported by affidavit among other possible supporting materials. Id. § 4943(a). The requesting state must also show that the accused is now in Vermont, and the accused is "lawfully charged by indictment found . . . with having committed a crime under the laws of that state." Id. § 4943(b). The executive authority of the demanding state must also authenticate the copy of the indictment or information before making the demand on the Governor of Vermont. Id. § 4943(a). The Governor of Vermont must then issue a governor's warrant for extradition. Id. § 4942.

¶ 4. Extradition is intended to be a "mandatory executive proceeding, with no discretion afforded to the officers or courts of the asylum state where federal and state requirements have been met." LaPlante, 2014 VT 79, ¶ 5. Therefore, our inquiry into whether extradition is appropriate is limited to ensuring the "validity of the requisition warrant and procedural compliance with our extradition statute" without looking into the merits of the charges against petitioner or behind the documents submitted for the requisition. In re Ladd, 157 Vt. 270, 272, 596 A.2d 1313, 1314 (1991).

¶ 5. The record reveals the following. In September 2024, petitioner was arrested on a fugitive warrant in Stowe, Vermont. Petitioner is currently being held without bail at the Northeast Regional Correctional Complex by order of the superior court in Lamoille County. Petitioner declined to waive extradition. On November 6, 2024, a grand jury in Monroe County, New York

returned an indictment charging petitioner with second-degree murder. On December 4, 2024, the Monroe County District Attorney submitted an application for requisition to New York Governor Kathy Hochul. The application included a document dated November 8, 2024 that "described itself as an indictment," which was filed with the Monroe County Clerk and signed by the Monroe County District Attorney, and a "certified copy of an indictment warrant signed by Monroe County Court Judge Julie Hahn stating that a grand jury had indicted petitioner on a charge of second-degree murder on November 6."

¶ 6. On December 10, 2024, Governor Hochul authenticated these documents and submitted a requisition and authorization demand to Vermont Governor Phil Scott requesting that petitioner be apprehended and delivered to the Monroe County Sheriff, or his agent. On December 19, 2024, Governor Scott issued a governor's warrant authorizing petitioner's extradition to New York. The following day, petitioner was served with the warrant.

¶ 7. On December 31, 2024, petitioner filed a petition for habeas corpus in the Caledonia Superior Court, Civil Division seeking immediate release. Petitioner argued the governor's warrant was defective because New York failed to provide a copy of the actual indictment from November 6, 2024, signed by the grand jury foreperson, pursuant to 13 V.S.A. § 4943. Petitioner asserted the document identified as the indictment and signed by the Monroe County District Attorney was not a valid indictment under New York law, which states "an indictment must contain . . . [t]he signature of the foreman or acting foreman of the grand jury." N.Y. Crim. Proc. Law § 200.50(8). The State responded that the governor's warrant provided prima facie evidence that the constitutional and statutory requirements for extradition were met. The State argued Governor Hochul certified that the documents submitted to Governor Scott showed that petitioner was charged with second-degree murder and indicted by a New York grand jury. Moreover, the Monroe County District Attorney certified petitioner was indicted, an assistant district attorney swore and certified that petitioner was indicted, and Monroe County Court Judge Hahn issued an indictment warrant on November 6—also included in the extradition application.

3

Finally, the State asserted that pursuant to New York law, a district attorney certified the indictment to the New York trial court for the court to schedule an arraignment or issue a warrant.

¶ 8.     On January 3, 2025, the civil division held a hearing on this matter and denied petitioner's request.  The court reasoned that the governor's warrant was prima facie evidence that the requirements of the extradition process were met.  See LaPlante, 2014 VT 79, ¶ 6 (explaining that court's obligation in habeas corpus proceeding challenging extradition warrant is to review governor's warrant "to examine the sufficiency of those documents to determine whether they support or rebut the prima facie case" (quotation omitted)).  Upon review, the court determined the documents showed that petitioner was "lawfully charged by indictment found . . . with having committed a crime under the laws of [New York]" under 13 V.S.A. § 4943(b).  Regarding petitioner's argument that an indictment under New York law must contain the signature of the grand jury foreperson, the court concluded it was "unwilling to apply an overly technical construction of Vermont's extradition statute that would avoid the clear constitutional command of the Extradition Clause."  On January 9, 2025, petitioner appealed.

¶ 9.     On May 12, 2025, the State moved to dismiss the appeal as moot.  We take judicial notice of the following facts, which are undisputed.  See V.R.E. 201(b)-(c).  On May 5, 2025, during the pendency of these appeals, Governor Scott recalled the December 2024 governor's warrant challenged in this case and issued a new warrant.  The new warrant included a copy of the indictment signed by the foreperson of the grand jury indicting petitioner for second-degree murder.  As with the prior warrant, petitioner declined to waive extradition and filed a petition for habeas corpus, challenging the sufficiency of the governor's warrant.  The civil division denied this second petition, and an appeal is now pending.

¶ 10.     "A case becomes moot—and this Court loses jurisdiction—when there is no longer an actual controversy or the litigants no longer have a legally cognizable interest in the outcome of the case."  Paige v. State, 2017 VT 54, ¶ 7, 205 Vt. 287, 171 A.3d 1011.  Even if there was an actual controversy when the case was first filed, intervening events can render it moot.  Id.

4

¶ 11. The State argues that because Governor Scott recalled the governor's warrant that petitioner sought to challenge, there is "no longer any live controversy over which this Court can exercise jurisdiction." Further, because petitioner is now being held pursuant to a new warrant, any action this Court might take on the prior petition would not provide petitioner with any effective relief. See id.

¶ 12. At first glance, this appeal is moot given that the governor's warrant at issue was withdrawn, and petitioner's confinement is based on a new warrant. See Houston v. Town of Waitsfield, 2007 VT 135, ¶ 5, 183 Vt. 543, 944 A.2d 260 (mem.) (holding appeal can become moot during pendency of appeal if "this Court can no longer grant effective relief" (quotation omitted)). However, there are two recognized exceptions to mootness that we must also consider: (1) "when negative collateral consequences are likely to result from the action being reviewed," and (2) "when the underlying situation is capable of repetition, yet evades review." In re M.M., 2024 VT 28, ¶ 9, 219 Vt. 252, 319 A.3d 726 (quotation omitted). The party asserting the exception—here, petitioner—has the burden of showing that the exception is applicable. See In re Blue Cross & Blue Shield, 2022 VT 53, ¶ 8, 217 Vt. 285, 288 A.3d 160; Paige, 2017 VT 54, ¶ 11. Petitioner asserts that dismissal is not appropriate in this case because an exception applies. The State argues the first exception is narrow and no analogous collateral consequences exist here when compared to the consequences resulting from involuntary commitment—a typical example of this exception to mootness. We agree the first exception is not relevant here as petitioner would still face a charge of second-degree murder in New York even if successful in this appeal. Petitioner has not demonstrated that this exception is applicable. See In re Collette, 2008 VT 136, ¶ 13, 185 Vt. 210, 969 A.2d 101 (holding adverse consequences were not curable even had petitioner prevailed in his claim and therefore no relief was available).

¶ 13. For the second exception, the State argues this appeal is not capable of repetition yet evading review because petitioner will not likely be detained on a governor's warrant with the same supporting documents he challenges in the present appeal. The State asserts that petitioner

will be returned to New York, eliminating the possibility of future extradition proceedings in Vermont arising from the same allegation. Petitioner argues this second exception applies because (1) fugitive petitions and habeas applications have short timelines and issues with an extradition process rarely reach the terminus of an appeal and (2) the same deficiency in the extradition application appears in the governor's warrant issued in May 2025.

¶ 14. To meet the second exception, petitioner must show two conditions: (1) "the challenged action must be in its duration too short to be fully litigated prior to its cessation or expiration"; and (2) "there must be a reasonable expectation that the same complaining party will be subjected to the same action again." Price v. Town of Fairlee, 2011 VT 48, ¶ 24, 190 Vt. 66, 26 A.3d 26. We do not address the second prong because we conclude that petitioner has not met the first prong.

¶ 15. "In considering the first prong, we have examined whether, in the future, the complaining party would not be able to challenge the action effectively." Blue Cross, 2022 VT 53, ¶ 10 (alteration and quotation omitted). In other words, we look to whether the type of proceeding is such that it will conclude before review is possible. "If a litigant could have taken actions to expedite the appellate process but did not, the matter does not fit within this exception." Id. (quotation omitted). Here, petitioner has not demonstrated that the nature of the extradition process is so short as to inevitably lapse into mootness. On the contrary, this Court has previously successfully conducted appellate review of habeas corpus petitions based on a governor's warrant. See, e.g., LaPlante, 2014 VT 79, ¶ 13 (affirming superior court's order granting petitioner's writ of habeas corpus in case involving governor's warrant extradition); Perron v. Menard, 2017 VT 50, ¶ 1, 205 Vt. 20, 171 A.3d 399 (affirming superior court's order denying petitioner's prerequisition writ of habeas corpus and subsequent challenge to governor's warrants); Ladd, 157 Vt. at 274, 596 A.2d at 1315 (reversing superior court's order denying writ of habeas corpus in case involving governor's warrant extradition).

¶ 16.    Moreover, although petitioner filed this appeal within one week of the court's January 3, 2025, decision, petitioner did not take actions to expedite the appellate process.  In fact, petitioner filed a motion to extend time to file an appellant's brief and printed case and did not request oral argument until almost one month after Governor Scott's new warrant mooted this appeal.  See Blue Cross, 2022 VT 53, ¶ 10 (citing Paige, 2017 VT 54, ¶¶ 4 n.*, 9).  Governor Scott did not issue a new governor's warrant until May 5, 2025—almost four months after petitioner appealed and more than one month after petitioner filed for an extension of time for the briefing.  Had petitioner requested expedited review, the appeal could have been reviewed by this Court before Governor Scott issued a new warrant four months after petitioner appealed.  See State v. Rooney, 2008 VT 102, ¶ 12, 184 Vt. 620, 965 A.2d 481 (mem.) (holding party could have "acted more diligently" and "taken actions to expedite the appellate process" when party waited more than two months after appealing to file motion to expedite appeal).  Therefore, the present matter is not capable of repetition yet evading review.

¶ 17.    As neither exception to mootness is met, we conclude there is no longer an actual controversy given that the governor's warrant at the center of this appeal has been withdrawn, and the appeal is moot.  Paige, 2017 VT 54, ¶ 7.  The State's motion to dismiss is granted and the appeal is dismissed.

Appeal dismissed.

FOR THE COURT:

_____
Associate Justice

7